UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEITH B. WIGFALL,

                  Petitioner,              Case No. 1:07-cv-965

v.                                 Honorable Paul L. Maloney

CAROL HOLINKA,

                  Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241.[1]  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4

---

[1] A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus.  All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners.  Most state prisoners' applications for writs of habeas corpus also are subject to § 2254.  That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254.  If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254." *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003).  Here, because Petitioner is the subject of a state-court detainer filed with the Federal Bureau of Prisons, he arguably is subject to a state-court restriction other than a final judgment.  His action, therefore, may properly be brought pursuant to § 2241. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 & n.4 (1973) (recognizing that § 2241 provides a remedy to challenge a detainer issued by one sovereign and recognized by a different sovereign who has the prisoner in custody on another offense).  Nevertheless, the procedural requirements applicable under § 2254 apply to petitions brought pursuant to § 2241. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001).

includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed.

## Discussion

I.     Factual allegations

Petitioner is an inmate at the Federal Correctional Institution at Waseca, Minnesota ("FCI-Waseca"). He currently is serving a 100-month federal prison sentence that was imposed in September 2005, after he was found guilty of being a felon in possession of a firearm. (Pet. at 7 ¶ 20, docket #1.)

Petitioner is not seeking to be released from FCI-Waseca, nor is he challenging the validity of the federal prison sentence that he presently is serving. Instead, he challenges a warrant and detainer issued against him by the Michigan Department fo Corrections ("MDOC"). (Pet. ¶ 21.) The warrant is described as a "parole violation warrant," which apparently was issued because Petitioner's parole from an earlier Michigan state criminal conviction was rescinded prior to its effective date on the basis of allegations that apparently led to his present federal incarceration.

In November 2005, Petitioner learned that the MDOC had asked the federal Bureau of Prisons ("BOP") to treat the parole violator warrant as a detainer. Based on that request, "[t]he BOP lodged a detainer against the Petitioner in favor of the state of Michigan." (Pet. ¶ 21.) Petitioner alleges that the detainer is adversely affecting his eligibility for certain benefits that might otherwise be available to him as a BOP prisoner, including "BOP camp consideration" and participation in "community corrections." (*Id.*)

The petitioner contends that the MDOC's parole violator warrant is invalid because it was issued without affording him the procedural protections required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He alleges that he was granted parole in July 2003, which was scheduled to commence in October 2003. (Pet. ¶ 8) Prior to the release date, however, his parole was suspended in accordance with MICH. DEP'T OF CORR., Policy Directive 06.05.104(MM)(2), on the basis of the existence of a "pending charge or felony suspect information [that could not] be cleared." *Id.* Petitioner argues that, pursuant to MICH. DEP'T OF CORR., Policy Directive 06.05.104(TT), he was entitled to an interview with the Parole Board before his parole was rescinded. (Pet. ¶9.) He alleges that he never received the required interview.

Because the MDOC did not follow its procedures under the policy directive for the rescission of a parole decision, Petitioner contends the MDOC violated his due process rights. Petitioner seeks to have the MDOC's parole violation warrant and the BOP's detainer lifted. (Pet. ¶ 3.)

Petitioner initially filed the instant habeas petition in the District of Minnesota on August 20, 2007. Upon preliminary review, the case was transferred to this district.

II.     Analysis

Petitioner claims that, once it was determined he was to be paroled, he was entitled to a parole interview prior to the rescission of his parole. Petitioner fails to raise a claim of constitutional magnitude.

Petitioner has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although

a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir.

- 4 -

May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).

Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under

the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at

stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27

F.3d at 1164-65.

        To the extent Petitioner relies upon a state procedural rule, his claim is not cognizable

on habeas review. It is not the province of a federal habeas court to re-examine state-law

determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The

extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C.

§ 2254(a). An inquiry into whether a state has followed its own law or rule "is no part of the federal

court's habeas review of a state conviction [for] it is not the province of a federal habeas court to

re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n

conducting habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States." *Id.* at 68. The Sixth Circuit has declared that

"[f]or excellent reasons, claims that a state erred in interpreting or applying its own criminal law or

procedural rules are almost always rejected as grounds for granting the writ of habeas corpus."

*Wilson v. Mitchell*, 250 F.3d 388, 396 (6th Cir. 2001) (citation omitted).

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because the rescission of Petitioner's parole is not cognizable on habeas review as Petitioner has no liberty interest in parole.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  October 23, 2007                             /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).