UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH WIGFALL,
        Plaintiff,                                Case No. 1:07-cv-965
-v-
                                              HONORABLE PAUL L. MALONEY
CAROL HOLINKA,                  HONORABLE ELLEN S. CARMODY
        Defendant.

OPINION AND ORDER ADOPTING AND MODIFYING REPORT AND
RECOMMENDATION OVER OBJECTIONS

      This Court has before it a Report and Recommendation (Dkt. No. 11) and Plaintiff's Objections (Dkt. No. 13). Plaintiff Wigfall is a federal prisoner housed at the Federal Correctional Institute in Waseca, Minnesota. He filed a § 2241 petition for writ of habeas corpus on September 27, 2007. The case was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. After review of the complaint, the Magistrate Judge issued a Report and Recommendation (R&R) in which she recommends dismissing the petition. Plaintiff Wigfall filed objections.

I. STANDARD OF REVIEW

      After being served with a report issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that

the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This Court conducted a de novo review. Having read the file, including the report, recommendations and relevant authority, the Report and Recommendation is modified and adopted over Plaintiff's objections.

II. ANALYSIS

A. Petition. Plaintiff's petition requests this Court order the Michigan Department of Corrections (MDOC) parole violation warrant against him be quashed and the Bureau of Prisons (BOP) detainer lifted so that he participate in a BOP boot camp program and community corrections program. According to the petition, Plaintiff was convicted in 1998 in Berrien County, Michigan, for home invasion and as an habitual offender and was sentenced to a term of 75 months to 270 months. Plaintiff alleges the decision was made to grant him parole in July 2003. However, before he was released on parole in October, his parole was suspended due to an outstanding warrant for his arrest in Indiana. Plaintiff alleges he was sent to Indiana in January 2004 on the warrant where the charges against him were dismissed by the state court. Plaintiff alleges he was then placed on parole for eighteen months by the MDOC and told to report to an Indiana parole officer.

Although Plaintiff does not explain the circumstances leading to his arrest and federal conviction, Plaintiff was sentenced on September 1, 2005 to 100 months imprisonment in the BOP

for possession of a firearm by a convicted felon. As a result of this sentence, Plaintiff is serving time at the facility in Minnesota. In November 2005, MDOC notified BOP that it had issued a parole violation warrant which acted as a detainer. It is this warrant/detainer that is the subject of Plaintiff's petition. Plaintiff alleges he has sought information from MDOC regarding the detainer and attaches several FOIA requests which where denied. (Exhibits D1-D2). Plaintiff also attaches his request for administrative assistance from the BOP and appeal both of which were denied. (Exhibits E1-E6). The response to the appeal dated March 28, 2007 explains that Plaintiff needs to address his concerns with officials in the State of Michigan.

Plaintiff alleges two violations of his due process rights. First, Plaintiff alleges MDOC failed to hold a hearing after his parole was granted and then suspended before the date he was to be released on parole. Plaintiff alleges MDOC policy provisions require a hearing in such an instance. Second, Plaintiff alleges he has never been given formal notice of the alleged violation of his parole. Plaintiff alleges his due process rights as outlined under *Morrissey v. Brewer* 408 U.S. 471 (1972) have been violated. Finally, Plaintiff alleges that he could not have waived his rights under *Morrissey* because he was and still is receiving treatment and medication for a head injury he suffered.

B. Report and Recommendation. The Magistrate Judge notes Plaintiff is not challenging the validity of the federal prison sentence he is currently serving. The Magistrate Judge concludes Plaintiff has not established a constitutional claim because, under Michigan law and the law of the circuit, Plaintiff has no liberty interest in being released on parole. With regard to the alleged violation of MDOC policy, the Magistrate Judge concludes the claim is not cognizable under federal

habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Wilson v. Mitchell*, 250 F.3d 388, 396 (6th Cir. 2001).

C. Objections. Plaintiff asserts two objections. First, Plaintiff argues he has a liberty interest in this situation because the decision was made to grant him parole and because MDOC policy requires a hearing when new information is received after parole is ordered, but before a prisoner is released on parole. (Exhibits B1-B2, MDOC Policy Directive 06.05.104 Section TT). Second, Plaintiff argues he has never received a hearing regarding the alleged parole violation as required by *Morrissey*.

III. ANALYSIS

This Court finds Plaintiff's complaint should be dismissed. First, the Sixth Circuit has previously dismissed similar habeas petitions brought by federal prisoners faced with state detainers for violation of parole where the prisoners allege deprivation of due process for failing to hold a revocation hearing. *See Phipps v. Runda*, 966 F.2d 1453 (6th Cir. 1992) (table decision with unpublished opinion); *Kenner v. Martin*, 648 F.2d 1080 (6th Cir. 1981) (per curiam). Second, Plaintiff has not demonstrated he has exhausted his administrative remedies under the Interstate Agreement on Detainers (IAD) for either alleged violation of due process. The Sixth Circuit has held exhaustion of administrative remedies under the IAD is required before a prisoner may seek habeas relief in federal court. *Norton v. Parke*, 892 F.2d 476, 480 (6th Cir. 1989). *See Grant v. Hogan*, 505 F.2d 1220, 1223 (3d Cir. 1974) (involving a federal prisoner subject to a state detainer); *Slaughter v. Henderson*, 470 F.2d 743, 744 (5th Cir. 1972) (per curiam) (same). Third, the Sixth Circuit, as explained by the Magistrate Judge, has routinely held that Michigan's parole scheme does not create a liberty interest in being released on parole. Finally, assuming Plaintiff can overcome

the three previous reasons to dismiss the claim, the alleged deprivation of Plaintiff's liberty interest in a parole hearing related to Indiana warrant is not the basis for Plaintiff's current conviction or the duration of that conviction. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (identifying the purpose of a habeas petition). Therefore, even if the interest in the parole hearing is properly the subject of a habeas petition, this Court need not address this issue here as Plaintiff's prayer for relief does not rely on whether he should or should not have been provided a hearing under the MDOC policy. Assuming, for the sake of argument only, Plaintiff is correct that he has a liberty interest in the hearing and he was unconstitutionally deprived of that hearing, Plaintiff has not established any reason this Court should quash the warrant for his parole violation and lift the detainer.

III. CONCLUSION

Plaintiff's claims should be dismissed. The Sixth Circuit has previously dismissed habeas petitions under the same or similar circumstances. Plaintiff does not have a liberty interest in parole under Michigan law and the law of this circuit. Plaintiff has not established he exhausted any of his administrative remedies in order to bring this habeas petition. Finally, this Court need not resolve the claim as it relates to Plaintiff's allegations regarding the Indiana warrant as that claim is unrelated to Plaintiff's prayer for relief.

ORDER

The Report and Recommendation (Dkt. No. 11) is **MODIFIED AND ADOPTED OVER OBJECTIONS.** Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. **THIS ORDER TERMINATES THE ACTION**. **IT IS SO ORDERED.**

Date:   November 21, 2007                                         /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge